# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Brandon Alexander DePue<br>*Defendant(s)* | Case No. 6:25-mj-00051-HBK |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 7th, 2025__ in the county of __Mariposa__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR 2.35(c) | Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited. |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

*Complainant's signature*

Ryan Watson, United States Park Ranger
*Printed name and title*

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date: 11/09/2025

*Judge's signature*

City and state: Yosemite National Park, California

Helena M. Barch-Kuchta, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## BACKGROUND OF AFFIANT

1. I, Ryan Watson, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service. I have six years of experience as a Law Enforcement Officer in the National Park Service and have worked in the Yosemite National Park Valley District for two years. I have a Bachelor's Degree of Science from the University of California Davis and attended a Law Enforcement Seasonal Academy in 2017. I have been trained to identify the signs of intoxication as part of standardized field sobriety testing based on the National Highway Traffic Safety Administration training. I was trained in conducting investigations and making arrests based on probable cause at the Federal Law Enforcement Training Center in Glynco, Georgia where I graduated with honors in 2023. I have training investigating crimes that involve the use of excessive alcohol and have made approximately seven arrests involving the use of alcohol and intoxicated subjects.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on November 7th, 2025, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an

PAGE 1 OF 5

area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Brandon Alexander DePue ("DEPUE"), violated the following laws of the United States on November 6th, 2025 within Yosemite National Park:

    a. *36 CFR § 2.35(c) - Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited.*

## PROBABLE CAUSE

6. On November 7th, 2025 at approximately 21:22 hours, I, Officer Watson, received a call from Officer Dell Isola of an ongoing argument between two park visitors in the Orchard Parking Lot. I arrived on scene where Officer Dell Isola told me that there was a man, later identified via his Oregon driver's license through Yosemite Emergency Communication Center as Alexander DEPUE, who claimed he had been hit by a vehicle that was backing up in the parking lot. I approached DEPUE who was sitting on a rock nearby, eating pizza. Before I contacted DEPUE, I observed him attempt to take a bite from a slice of pizza, miss his mouth, and drop it onto the ground where he picked it up and placed it on a paper bag at his

PAGE 2 OF 5

feet. I also observed his left shoe on top of another piece of pizza in the dirt. I introduced myself as Officer Watson with the National Park Service and immediately could smell the odor of alcoholic beverage emanating from DEPUE. DEPUE displayed signs of intoxication that included glassy red eyes, flushed skin, slurred speech, and was unsteady while standing. DEPUE was largely incoherent and emotionally volatile during our interaction with replies that often had nothing to do with our questions and reactions that would quickly change from laughter to crying.

7. The driver of the vehicle stated he was trying to pull into a parking spot, looked into his reverse camera, and before he started to back up, noticed DEPUE on the ground behind his vehicle. The driver stated "I never saw hitting him. I never felt hitting him. ...I got out of the car and he starts talking about how he wants to settle this under the table. ...My first thought was this guy just jumped on the ground. The only reason I came to get you (law enforcement) is because I honestly felt unsafe because he was getting up very close to me and I was trying to figure out how to get away from him. He was up in my face and I was just kind of scared. He kept threatening me. He (DEPUE) steps up like, oh have you ever been hit by a person? You can see what being hit by a person is like. It's nothing like being hit by a car. I kept telling him to back off. He told me he could beat me up like eight times."

8. One witness, DEPUE'S coworker, T.Y., stated he left the bar with DEPUE and was walking a short distance in front of DEPUE. T.Y. stated they did not see or hear an impact to indicate the vehicle hit DEPUE and only saw him once he was lying on the ground.

9. Officer Getz inspected the back of the vehicle and determined nothing had been hit by the doors or bumper with a perfect layer of undisturbed dust. He observed no clear evidence of an impact on the spare tire on the back of the vehicle.

10. During the entirety of my investigation there did not appear to be any evidence that DEPUE had been struck by the vehicle.

11. DEPUE refused a medical examination from paramedics on scene and showed no signs of physical injury. DEPUE showed me a cell phone photo of his elbow from which I could not discern any injury.

12. Officer Dell Isola and I attempted to convince DEPUE to call his girlfriend who was driving to the parking lot to pick him up and take him to Oakhurst. I saw DEPUE's phone ringing with his girlfriend's name, Jada, calling him. DEPUE refused to call his girlfriend and would not let us call her on his behalf. After several attempts to get him to go home with his girlfriend, who was driving around the parking lot, we gave DEPUE one last option to call for a ride home or go spend the night in jail. DEPUE stood up and stated "Sure. I'm gonna go to jail. Fucking arrest me. What the fuck did I do? Arrest me. Arrest me."

13. DEPUE was placed under arrest and transported to John C. Freemont Medical Center for medical clearance and then to Mriposa County Jail for booking. While seated in a patrol vehicle, DEPUE requested we breathalyze him to which we complied. A preliminary breath test read 0.124 grams of alcohol per 210 liters of DEPUE's breath.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Brandon Alexander DEPUE for being under the influence of alcohol to a degree that may endanger oneself or another person within Yosemite National Park on November 7th, 2025.

Respectfully submitted,

*[signature]*

Ryan Watson
United States Park Ranger
National Park Service

November 9th, 2025
Sworn to me in accordance with Fed.R.Crim.P. 4.1:

*[signature]*

The Honorable
Helena M. Barch-Kuchta
United States Magistrate Judge
November 9th, 2025

Approved as to form by:

*[signature]*

Acting Law Enforcement Specialist (Rule 180)
Briana M. Vollmer
November 9th, 2025